**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

JASON P. FOWLER,  : Case No. 2:22-cv-3523
 :
  Plaintiff,  :
 :
 : District Judge Michael H. Watson
vs.  : Magistrate Judge Karen L. Litkovitz
 :
CASE MANAGER MICHAEL C.  :
BROWNING,  :
 :
  Defendant.  :

**ORDER and**
**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Warren Correctional Institution, in Lebanon, Ohio, has filed a

*pro se* civil rights complaint under 42 U.S.C. § 1983 against defendant Case Manager Michael C.

Browning for alleged violations of plaintiff's rights while he was housed at Madison

Correctional Institution ("MACI"), in London, Ohio.[1]  By separate Order, plaintiff has been

granted leave to proceed *in forma pauperis*.

This matter is before the Court for a s*ua sponte* review of the complaint (Doc. 1-1) to

determine whether the complaint or any portion of it should be dismissed because it is frivolous,

---

[1]The complaint has been filed with exhibits.  Pursuant to Federal Rule of Civil Procedure 10, the exhibits are considered a part of the amended complaint "for all purposes."  *See* Fed. R. Civ. P. 10(c).  *See Fishman v. Williams*, No. CV 14-4823, 2016 WL 11484591, at *7 (C.D. Cal. Sept. 21, 2016) ("When screening a *pro se* plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court may consider facts drawn from the complaint and supporting exhibits attached thereto."); *Johnson v. Buffalo Pub. Schools: Adult Educ. Div.*, No. 19-CV-1484, 2021 WL 9455714, at *3 (W.D.N.Y. Jan. 7, 2021) ("The Court deems the attachments and exhibits attached to Johnson's Complaint part of the pleading and considers them, to the extent they are relevant, in its screening decision.").  However, the Court declines to comb through the record to raise new claims or make legal arguments for plaintiff.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("Furthermore, although this court has discretion to more broadly review the record on appeal, we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it.").

malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

## I.    Screening of Complaint

### A.    Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).  A

complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## B.    Plaintiff's Complaint

Plaintiff alleges that on October 10, 2021, he wrote a grievance against defendant Browning for subjecting plaintiff to an allegedly improper strip search in the inmate laundry

3

room as plaintiff was on the way to his institutional job.  Plaintiff alleges that the laundry room has a large glass window through which "anyone walking pass (sic) can observe and see [him] naked."  Plaintiff further alleges that during the search an inmate walked in and did see plaintiff naked.  Plaintiff alleges that no contraband was found.  (Doc. 1-1, at PageID 18-19).

Plaintiff claims that as a result his October 10, 2021 grievance, Browning retaliated against him by writing several false and exaggerated conduct reports, taking a friend off of plaintiff's visitor list, and allowing an inmate into plaintiff's housing unit to assault him. Plaintiff alleges that he was also later assaulted by another inmate after being written up by Browning for improper use of an electronic tablet.  (Doc. 1-1, at PageID 19, 24-25).

Plaintiff additionally contends that as a result of Browning's influence, other non-defendant MACI staff members[2] wrote false and exaggerated conduct reports against plaintiff and that a nurse delayed treatment to plaintiff's eye.  (Doc. 1-1, at PageID 21-23).  According to plaintiff, the conduct reports from Browning and other MACI staff members resulted in restrictive housing placement at various times, "RIB [Rules Infraction Board]" sanctions, and loss of commissary privileges.  (*See id*.).  Plaintiff alleges that one of the conduct reports Browning wrote against him was thrown out because plaintiff had been following the order of a superior officer.  (Doc. 1-1, at PageID 24).

Further, plaintiff contends that Browning used profanity, interacted with plaintiff in an unprofessional manner, and violated prison policies.  Plaintiff alleges that at one point Browning asked plaintiff "what would it take to get rid of" him.  (Doc. 1-1, at PageID 22-24).

For relief, plaintiff seeks monetary damages.  (Doc. 1-1, at PageID 26).

---

[2]To the extent that plaintiff asserts claims against non-defendants, such claims are subject to dismissal.

### C.    Analysis

Liberally construing plaintiff's allegations, *see Erickson*, 551 U.S. at 94, the Court understands plaintiff to bring claims against Browning for the following: retaliation in violation of the First Amendment, unreasonable search and seizure in violation of the Fourth Amendment, failure to protect from inmate assaults in violation of the Eighth Amendment, issuing false conduct reports in violation of the Fourteenth Amendment, and conspiracy.

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff's First Amendment retaliation, Fourth Amendment unreasonable strip search, and Eighth Amendment failure-to-protect claims are deserving of further development and may proceed at this juncture against defendant Browning in his individual capacity.[3]  However, plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

First, any claims against defendant Browning in his official capacity must be dismissed. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Mixon v. State of Ohio,* 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 449 (6th Cir. 1982).  An action against a state official in his or her official capacity is the equivalent of an action against the State he or she represents.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Therefore, the Court should dismiss any official-capacity claims against Browning for failure to

---

[3]For the reasons stated herein, any official capacity claims against Browning are subject to dismissal for failure to state a claim upon which relief may be granted.

state a claim upon which relief may be granted because he is immune from claims for monetary

damages, the sole relief plaintiff seeks, in his official capacity.

Next, plaintiff's claims should be dismissed to the extent that plaintiff alleges that

defendant Browning conspired with other MACI staff members to violate plaintiff's rights.  "A

civil conspiracy under § 1983 is an agreement between two or more persons to injure another by

unlawful action."  *Crowley v. Anderson Cty., Tenn.*, 783 F. App'x 556, 560 (6th Cir. 2019)

(internal citations and quotations omitted).

> "To prevail on a civil conspiracy claim, [a plaintiff] must show that (1) a "single
> plan" existed, (2) [the defendant] "shared in the general conspiratorial objective"
> to deprive [the plaintiff] of his constitutional (or federal statutory) rights, and (3)
> "an overt act was committed in furtherance of the conspiracy that caused the
> injury" to [the plaintiff].

*Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Hooks v. Hooks*, 771 F.2d

935, 944 (6th Cir. 1985)).

"The Sixth Circuit has warned that 'conspiracy claims must be pled with some degree of

specificity and that vague and conclusory allegations unsupported by material facts will not be

sufficient to state such a claim under § 1983.'"  *Ayers v. Gabis*, No. 20-11735, 2021 WL

4316853, at *6 (E.D. Mich. Sept. 23, 2021) (quoting *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir.

2008)).  "These guidelines have led the court to conclude that the 'pleading requirements

governing civil conspiracies are relatively strict.'"  *Id.*

Plaintiff's allegations fall short of meeting the specificity requirement.  He simply alleges

that non-defendant MACI staff members acted under the influence of Browning.  Such

conclusory allegations are insufficient to state a conspiracy to retaliate claim and, thus, plaintiff's

conspiracy claims should be dismissed.  Nor can Browning be held liable for the alleged actions

of others.  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead

that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has also failed to state a plausible constitutional claim to the extent he alleges that defendant Browning issued false conduct reports against plaintiff. Erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right. *See, e.g., Reeves v. Mohr,* No. 4:11cv2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (and cases cited therein) (holding that the prisoner failed to state a claim upon which relief may be granted to the extent that he claimed he had "a constitutional right to be free from false accusations"). "A constitutional violation may occur, if as a result of an accusation, the Plaintiff was deprived of a liberty interest without due process." *Id.* at *2 (citing *Sandin v. Conner,* 515 U.S. 472, 485 (1995)). Plaintiff's allegations are insufficient to trigger constitutional concerns in this case because the challenged disciplinary actions did not amount to a deprivation of a constitutionally protected liberty interest. *See Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (stating that confinement in segregation generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)) (emphasis in original). *Cf. Wilkinson v. Austin,* 545 U.S. 209, 223–24 (2005) (ruling that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given the combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates). *See also McNeal v. Dir., TDCJ-CID*, No. 6:15CV150, 2017 WL 5762461, at *2 (E.D. Tex. Oct. 10,

2017), *report and recommendation adopted,* No. 6:15CV150, 2017 WL 5755914 (E.D. Tex. Nov. 28, 2017) (finding, in relevant part, that 45 days of cell and commissary restrictions did not support a due process claim); *Romero v. Davis,* No. 11-CV-0465-MJR, 2012 WL 1029077, at *3 (S.D. Ill. Mar. 26, 2012) ("Nor does the demotion to C-grade or commissary restrictions give rise to a due process claim."). Because plaintiff has not alleged facts showing that his time in disciplinary segregation was indefinite or excessively long in duration, *see Joseph*, 410 F. App'x at 868, or that he was otherwise subjected to the kind of "atypical and significant" hardships found in *Wilkinson*, 545 U.S. at 223-24, his false-conduct-report claims against Browning should be dismissed.

Additionally, plaintiff's claims against defendant Browning for using profanity and engaging in unprofessional conduct are subject to dismissal. It is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *see also Chilcott v. Erie Cty. Domestic Relations*, 283 F. App'x 8, 11 (3d Cir. 2008) (and Sixth, Fifth and Tenth Circuit cases cited therein). While prison officials should not use degrading language when interacting with inmates, the use of such language does not rise to the level of a constitutional violation. *See Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *4 (6th Cir. Mar. 31, 2017). A prison official's use of insults, "although unprofessional and reprehensible, does not rise to the level of constitutional magnitude" and is insufficient to support a constitutional claim for relief. *Jones Bey v. Johnson*, 248 F. App'x 675, 677–78 (6th Cir. 2007) (citing *Torres v. Oakland County*, 758 F.2d 147, 152 (6th Cir. 1985)); *see also Ivey*, 832 F.2d at 954. *Cf. Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004).

Finally, plaintiff has failed to allege a claim upon which relief may be granted to the extent that he asserts that Browning failed to follow prison policies or procedures. "Failing to follow proper procedures is insufficient to establish an infringement of a liberty interest." *Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)). *See also Donohue v. Diggs*, No. 7:11CV00090, 2011 WL 795889, at *4 (W.D. Va. Mar. 1, 2011) ("To the extent that prison officials failed to comply with prison procedural regulations during disciplinary proceedings, such violations of state law do not give rise to federal due process claims. . . . Similarly, they are not independently actionable under § 1983.").

Accordingly, in sum, plaintiff may proceed at this juncture with his First Amendment retaliation, Fourth Amendment unreasonable search, and Eighth Amendment failure-to-protect claims against defendant Browning in his individual capacity. The remainder of plaintiff's claims, however, should be dismissed with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted **with the exception of** his First Amendment retaliation, Fourth Amendment unreasonable search, and Eighth Amendment failure-to-protect claims against defendant Browning in his individual capacity. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff may proceed at this juncture with his First Amendment retaliation, Fourth Amendment unreasonable search, and Eighth Amendment failure-to-protect claims against defendant Browning in his individual capacity.

2.  The United States Marshal shall serve a copy of the complaint and exhibits, summons, the separate Order issued granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Browning.

3.  Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

### PROCEDURE ON OBJECTIONS:

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

December 22, 2022

KAREN L. LITKOVITZ
United States Magistrate Judge