UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON P. FOWLER,  
    Plaintiff,

vs.

CASE MANAGER MICHAEL C. BROWNING,  
    Defendant.

Case No. 2:22-cv-3523  
Watson, J.  
Litkovitz, M.J.

ORDER

    Plaintiff, an inmate at the Warren Correctional Institution, in Lebanon, Ohio, brings this action under 42 U.S.C. § 1983 against defendant Case Manager Michael C. Browning for alleged violations of plaintiff's rights while he was housed at Madison Correctional Institution in London, Ohio. This matter is before the Court on plaintiff's motion to compel discovery (Doc. 13) and defendant's response (Doc. 14).

    Plaintiff's motion, liberally construed, alleges the following. In March 2023, plaintiff made public records requests under Ohio Rev. Code § 149.43 to several employees of the Ohio Department of Rehabilitation and Correction seeking information relevant to the instant case. (Doc. 13). Plaintiff apparently did not receive responses to his letters, and he asks this Court to compel responses to his public records requests.[1]

    Defendant argues that Fed. R. Civ. P. 5(b)(1) requires discovery requests be served on a defendant's attorney,[2] and his counsel has received no discovery requests or other contact related to this dispute prior to the filing of plaintiff's motion.

---

[1] Plaintiff cites several sections of the Ohio Administrative Code in support of his motion that are not relevant to a motion to compel discovery in federal court. *See, e.g.*, Ohio Admin. Code § 3746-6-08 (governing the Environmental Review Appeals Commission). Nevertheless, as explained herein, the Court liberally construes plaintiff's pro se motion as a motion to compel discovery under Fed. R. Civ. P. 37.

[2] Under Fed. R. Civ. P. 5(b)(1), "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Under Fed. R. Civ. P. 5(a)(1)(C), "each of the following papers must be served on every party: . . . (C) a discovery paper required to be served on a party. . . ."

As an initial matter, the information plaintiff seeks is not "discovery" under the Federal Rules of Civil Procedure:

> The word 'discovery' is not a synonym for investigation.  Much of the information-gathering that litigants do is not 'discovery' as the term is understood in the law. They talk to their clients and to witnesses, read newspaper accounts, study the records of previous judicial or administrative proceedings, troll the Web—they do all these things and more without being thought to be conducting 'discovery.' . . .
>
> The case law uniformly refuses to define requests for access to federal or state public records under public-records laws (such as the federal Freedom of Information Act and state public records laws— . . . ) as discovery demands, even when as in this case the request is made for the purpose of obtaining information to aid in a litigation and is worded much like a discovery demand.

*American Bank v. City of Menasha*, 627 F.3d 261, 265 (7th Cir. 2010) (citations omitted).  As another court has noted:

> The distinction between "discovery" and "investigation" is not merely semantic. Discovery is conducted pursuant to the Federal Rules of Civil Procedure.  Federal Rules of Civil Procedure 26 through 37 specifically address discovery procedures, disclosures and devices.  Fed. R. Civ. P. 26 through 37. . . .  These discovery rules and devices are controlled by the federal courts, and allow federal courts to enforce the rules and require compliance, upon pain of discovery sanctions or contempt of court.  Fed. R. Civ. P. 37, 45(d), (e), (g).
>
> In contrast, investigating is outside the scope of discovery.  When parties are investigating, they do so on their own.  Generally, they seek information using their own resources. . . .  And, importantly, these parties seek information without the enforcement power or under the auspices of the federal courts.

*Barmore v. City of Rockford*, No. 09-cv-50236, 2014 WL 12791639, at *6 (N.D. Ill. Aug. 20, 2014).

Plaintiff's public records requests on non-party governmental entities do not constitute "discovery" under the Federal Rules of Civil Procedure, and this Court has no enforcement power to compel compliance by a non-party.  *Id.*  To the extent plaintiff contends a non-party failed to comply with Ohio's Public Records Act, he must pursue any remedies in a separate action under the Act.  *See* Ohio Rev. Code § 149.43(C)(1).

To the extent plaintiff seeks discovery from defendant under the Federal Rules of Civil Procedure, he must serve discovery requests (such as interrogatories, document demands, or requests for admission) on defendant through his counsel using the discovery methods set forth in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5, 30-36.[3] Plaintiff does not refute defendant's representation that plaintiff has not served any discovery requests on defendant's counsel. Plaintiff also does not refute that he has not conferred with defendant's counsel prior to filing this motion as required by Fed. R. Civ. P. 37(a)(1) and S.D. Civ. R. 37.1. Finally, plaintiff's motion does not include a certification that he has in good faith conferred or attempted to confer with defendant's counsel in an effort to obtain the discovery without Court action. Fed. R. Civ. P. 37(a)(1). For these reasons, plaintiff's motion to compel discovery (Doc. 13) is **DENIED**.

IT IS SO ORDERED.

Date: 7/28/2023

Karen L. Litkovitz
United States Magistrate Judge

---

[3] "Under Rule 45 of the Federal Rules of Civil Procedure, a party may command a nonparty to produce documents." *Ohio Dep't of Ins. v. RPM Mortg., Inc.*, No. 2:20-mc-43, 2020 WL 6778212, at *1 (S.D. Ohio Nov. 18, 2020) (citing Fed. R. Civ. P. 45(a)(1)).