UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JASON P. FOWLER,<br>    Plaintiff, | Case No. 2:22-cv-3523<br>Watson, J.<br>Litkovitz, M.J. |
| vs. | |
| CASE MANAGER MICHAEL C. BROWNING,<br>    Defendant. | ORDER |

Plaintiff, an inmate at the Warren Correctional Institution in Lebanon, Ohio, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 against defendant Case Manager Michael C. Browning for alleged violations of plaintiff's rights while he was housed at Madison Correctional Institution (MACI) in London, Ohio. This matter is before the Court on plaintiff's motion seeking "subpoenas" and "[i]nstructions in proper way to submit interrogatories." (Doc. 17 at PAGEID 154). Defendant has not responded.

Plaintiff explains that he recently learned that he was required to serve discovery requests on defendant's attorney, Mr. Messina, at which point he sent Mr. Messina public records requests under Ohio Revised Code § 149.43. (*Id.* at PAGEID 153). Plaintiff states that he has not yet received a response. (*Id.*).

As explained in this Court's prior Order, "public records requests on non-party governmental entities do not constitute 'discovery' under the Federal Rules of Civil Procedure, and this Court has no enforcement power to compel compliance by a non-party." (Doc. 16 at PAGEID 151). Instead, plaintiff must serve his discovery requests on defendant through his counsel using the discovery methods set forth in the Federal Rules of Civil Procedure. *See, e.g.,* Fed. R. Civ. P. 30 (depositions by oral examination); Fed. R. Civ. P. 31 (depositions by written questions); Fed. R. Civ. P. 33 (interrogatories to parties); Fed. R. Civ. P. 34 (production of

documents and electronically stored information); Fed. R. Civ. P. 36 (requests for admission). While plaintiff seeks instructions on how to submit interrogatories, the Court may not provide legal advice on how to employ the discovery methods set forth in the Federal Rules. To the extent the Court were to liberally construe plaintiff's request as one for the appointment of counsel, the Court has already considered and denied such relief, and the circumstances presented in plaintiff's motion do not alter the Court's conclusion. (*See* Doc. 8). Plaintiff's motion (Doc. 17) is **DENIED**.

**IT IS SO ORDERED.**

Date: 9/6/2023

Karen L. Litkovitz
United States Magistrate Judge