UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jason P. Fowler,

    Plaintiff,

v.

Case Manager Michael
C. Browning,

    Defendant.

Case No. 2:22-cv-3523

Judge Michael H. Watson

Magistrate Judge Litkovitz

## OPINION AND ORDER

On initial screen of this pro se, prisoner civil rights case, the Magistrate Judge recommended dismissing all of Plaintiff's claims save for a Fourth Amendment claim based on an alleged illegal strip search, and First Amendment retaliation and Eighth Amendment failure-to-protect claims—both based on alleged inmate attacks that occurred after Plaintiff complained about the strip search. R&R, ECF No. 5. The Court adopted that recommendation absent objection. Order, ECF No. 7.

Defendant now moves for summary judgment on the three remaining claims, arguing primarily that Plaintiff failed to exhaust available administrative remedies on any of the three claims. Mot., ECF No. 23; Supp. Mot., ECF No. 33.

The Magistrate Judge issued a Report and Recommendation ("R&R"), concluding Plaintiff failed to properly exhaust administrative remedies and therefore recommending the Court grant Defendant's motion. R&R, ECF No. 40.

Plaintiff received an extension of time to object and has timely objected. Mot., ECF No. 43; Order, ECF No. 44; Obj., ECF No. 45.

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."

Plaintiff does not address his failure to exhaust available administrative remedies with respect to his First and Eighth Amendment claims, and the Court therefore does not review that portion of the R&R de novo.

With respect to his Fourth Amendment claim, Plaintiff objects first that it was impossible for him to exhaust his administrative remedies regarding the strip search. Obj. 3, ECF No. 45 at PAGEID # 454. Specifically, Plaintiff contends that he filed an informal complaint about the illegal strip search, that Defendant's supervisor responded to the informal complaint, and that "it didn't allow me (Plaintiff) the opportunity to escalate to step 2 so it wasn't available to even get to step 3." *Id.* at 3–4.

Plaintiff provides no further explanation as to why steps two or three were unavailable to him, provides no citation to any evidence on the docket supporting that conclusory assertion, and the averment in his objection was neither sworn nor otherwise made under penalty of perjury. Moreover, the assertion is contradicted by record evidence. That is, the record supports that Plaintiff's informal complaint regarding the strip search was closed. *See* ECF No. 4-1 at PAGEID # 75 (stating "Closed incarcerated individual form"). But, Defendant

provided other examples where Plaintiff's informal complaint was closed with the same language and yet Plaintiff proceeded to exhaust steps two and three of the administrative grievance procedure in those instances. *E.g.*, ECF No. 33-1 at PAGEID # 329–30 (noting that after someone wrote "[c]losed incarcerated individual form" regarding a separate informal complaint, Plaintiff then "[e]scalated to grievance" and later "[e]scalated to Appeal").

Accordingly, Plaintiff's first objection is therefore **OVERRULED** as he has failed to show that his failure to exhaust should be excused.

Second, Plaintiff objects to the grant of qualified immunity to Defendant. Obj. 7, ECF No. 45.

The Magistrate Judge did not recommend granting qualified immunity to Defendant; instead, because Plaintiff had failed to exhaust his administrative remedies, she specifically declined to consider whether qualified immunity was warranted. R&R 13, ECF No. 40 ("Defendant's exhaustion affirmative defense is dispositive of all of plaintiff's claims. As such, the Court need not reach defendant's arguments that he is entitled to qualified immunity.").

Thus, Plaintiff's second objection is **OVERRULED**.

The remainder of the document sets forth black letter law regarding the merits of a Fourth Amendment illegal search claim. *See* Obj. 6–7, ECF No. 45. To the extent it can be liberally construed as a third objection, it is **OVERRULED** because the merits of Plaintiff's claim are irrelevant when he failed to exhaust his administrative remedies.

Based on the above, the Court **ADOPTS** the R&R, **GRANTS** Defendant's supplemental motion for summary judgment, ECF No. 33; and **DENIES AS MOOT** Defendant's motion for summary judgment, ECF No. 23.  Moreover, the Court **CERTIFIES** that an appeal would not be taken in good faith.  The Clerk shall enter judgment for Defendant and close this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**